IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

_____

| | |
|---|---|
| KERMIT TY POULSON, | Cause No. CV-08-075-M-DWM-JCL |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO |
| MISSOULA CITY POLICE DEPARTMENT, MISSOULA CITY POLICE OFFICER #318 and MISSOULA CITY DETENTION CENTER | DISMISS COMPLAINT WITHOUT PREJUDICE |
| Defendants. | |

_____

This matter is before the Court on Plaintiff Kermit Ty Poulson's Complaint filed pursuant to 42 U.S.C. § 1983 seeking damages based upon an allegation of "unnecessary use of police brutality." (Document 2).

On June 12, 2008, this Court granted Plaintiff's motion to proceed in forma pauperis and permitted Plaintiff to file an Amended Complaint on or before July 13, 2008. Plaintiff was advised that if he declined to file an amended complaint, he had to file a notice with the Court indicating that he wished to proceed with his initial Complaint. (Document 4, p. 9). The Court received no response to the June 12, 2008 Order.

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE –
CV-08-75-M-DWM-JCL / PAGE 1

On July 22, 2008, the Court issued an Order directing Plaintiff to show cause, within ten days, why the case should not be dismissed for failure to prosecute pursuant to Rule 41(b), Fed. R. Civ. P. and for failure to comply with the Court's Order.

The Court has received no response from Plaintiff.

The trial court has discretion under Fed. R. Civ. P. 41(b) in dismissing an action for failure to comply with a court order. *Fendler v. Westgate-California Corp.*, 527 F.2d 1168, 1170 (9th Cir. 1975). However, the Court must consider the following factors before imposing a dismissal as a sanction for failure to prosecute or failure to comply with a court order:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)); *see also Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996); *Thompson v. Housing Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam), *cert. denied*, 479 U.S. 829 (1986).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Given Plaintiff's failure to respond to the Court's Order, this factor weighs in favor of dismissal.

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d 639 (citing

*Yourish*, 191 F.3d 983).  The Court must be able to manage its docket and it cannot do so, if it cannot communicate with the Plaintiff.  Therefore, this factor favors dismissal.

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case."  *Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987).  Defendants have not yet been served in this case and thus there is no immediate prejudice to Defendants.  However, given Plaintiff's failure to respond to the Court's Order, the matter could linger indefinitely and prejudice Defendants.

The Court has considered the possibility of and provided less drastic alternatives.  Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel."  *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981).  Although the court should consider less drastic alternatives to a dismissal, the court is not required to exhaust all such alternatives prior to dismissal.  *Id.*

Although the Court could grant Plaintiff additional time to respond, this alternative appears futile given Plaintiff's failure to respond to the Court's Orders.  Plaintiff will have an opportunity to file objections to these Findings and Recommendations, which may not technically be considered an "alternative" but will provide Plaintiff the chance to challenge this Court's rulings.

The last factor weighs against denial of the Complaint because public policy favors the disposition of cases on their merits.  *Pagtalunan*, 291 F.3d 639 (citing *Hernandez v. City of El*

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE –
CV-08-75-M-DWM-JCL / PAGE 3

*Monte,* 138 F.3d 393, 399 (9th Cir. 1998)).  However, the Court finds that the other four factors weigh in favor of dismissal and therefore dismissal is an appropriate sanction in this matter.

Accordingly, it being found that Plaintiff has failed to file an amended complaint or a notice of proceeding with his initial complaint, failed to respond to the Court's show cause order, and the Court finding that the relevant factors weigh in favor of dismissing the Complaint filed pursuant to 42 U.S.C. § 1983, the Court enters the following:

### RECOMMENDATION

That Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE**.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within ten business days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 19th day of August, 2008.

/s/ Jeremiah C. Lynch  
Jeremiah C. Lynch  
United States Magistrate Judge