FILED

SEP 2 2 2008

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| KERMIT TY POULSON, ) | CV 08-75-M-DWM-JCL |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| MISSOULA CITY POLICE DEPARTMENT, ) | |
| MISSOULA CITY POLICE OFFICER #318 ) | |
| and MISSOULA CITY DETENTION CENTER,) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Poulson filed this action pursuant to 42 U.S.C. § 1983 on May 23, 2008. He was granted in forma pauperis status on June 12, 2008. By the same Order, Plaintiff Poulson was permitted to file an amended complaint and instructed to do so or to advise the Court if he instead wished to proceed with his Complaint as filed on or before July 13, 2008. Poulson did not respond to the Order. On July 22, 2008, the Court issued an Order giving the Plaintiff ten days to file a document showing cause why the case should not be dismissed for failure to prosecute. Plaintiff did not respond, and United States Magistrate Judge Jeremiah C. Lynch issued Findings and Recommendations in which he recommends dismissal of the Complaint

-1-

for failure to prosecute under Fed. R. Civ. P. 41(b).

Plaintiff Poulson did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

Judge Lynch weighed the five factors to be considered in deciding whether to dismiss for failure to prosecute, as set out in Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Judge Lynch found that the interest in expeditious resolution of cases, the Court's need to manage its docket, the prejudice to the Defendants and the availability of less drastic options all favor dismissal, while only the preference for resolution of cases on the merits does not. On this basis Judge Lynch recommended that the case be dismissed for failure to prosecute. I can find no clear error with Judge Lynch's recommendation and therefore adopt it in full.

Accordingly, IT IS HEREBY ORDERED that the Complaint is dismissed for failure to prosecute under Fed. R. Civ. P. 41(b).

DATED this 22nd day of September, 2008.

Donald W. Molloy, District Judge
United States District Court

-2-